IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
No. 2:17-CR-19-D-1

UNITED STATES OF AMERICA )
)
)
v. ) **ORDER**
)
ANDRE RAMON COOPER, )
)
Defendant. )

On October 16, 2020, Andre Ramon Cooper ("Cooper" or "defendant") moved pro se for compassionate release under the First Step Act ("First Step Act"), Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5238–41 (2018) (codified as amended at 18 U.S.C. § 3582) [D.E. 137]. On January 25, 2021, the case was reassigned to the undersigned [D.E. 144]. On March 31, 2022, the government responded in opposition [D.E. 155] and attached exhibits [D.E. 156]. As explained below, the court denies Cooper's motion.

I.

On March 2, 2018, Cooper pleaded guilty to Hobbs Act robbery and aiding and abetting (count one), brandishing a firearm during and in relation to a crime of violence and aiding and abetting (count two), and being a felon in possession of firearms and aiding and abetting (count three). See [D.E. 55]; PSR [D.E. 83]; [D.E. 114]. On October 19, 2018, the court held Cooper's sentencing hearing and adopted the facts set forth in the Presentence Investigation Report ("PSR"). See Fed. R. Crim. P. 32(i)(3)(A)–(B); Sent. Tr. [D.E. 117] 2; PSR. The court calculated Cooper's total offense level to be 21, his criminal history category to be III, and his advisory guideline range to be 46 to 57 months' imprisonment on counts one and three and 84 months' consecutive

imprisonment on count two. See PSR ¶ 86; Sent. Tr. at 3. After granting the government's upward departure motion and considering the arguments of counsel and all relevant factors under 18 U.S.C. § 3553(a), the court sentenced Cooper to 87 months' imprisonment on counts one and three to run concurrently and 84 months' consecutive imprisonment on count two, for a total sentence of 171 months' imprisonment. See [D.E. 110]; Sent. Tr. at 4–13. Cooper appealed. See [D.E.107]. On May 19, 2020, the United States Court of Appeals for the Fourth Circuit affirmed Cooper's conviction and dismissed Cooper's challenge to his sentence. See [D.E. 131]. On October 16, 2020, Cooper moved for compassionate release [D.E. 137].

II.

Under 18 U.S.C. § 3582(c)(1)(A), a court may reduce a defendant's term of imprisonment if (1) "extraordinary and compelling reasons warrant such a reduction" or (2) "the defendant is at least 70 years of age, has served at least 30 years in prison," and the Director of the Bureau of Prisons ("BOP") has determined the defendant is not a danger to another person or the community. 18 U.S.C. § 3582(c)(1)(A); see United States v. Hargrove, 30 F.4th 189, 194 (4th Cir. 2022); United States v. High, 997 F.3d 181, 185–86 (4th Cir. 2021); United States v. Kibble, 992 F.3d 326, 330 (4th Cir.) (per curiam), cert. denied, 142 S. Ct. 383 (2021); United States v. McCoy, 981 F.3d 271, 275–77 (4th Cir. 2020). A section 3582(c)(1)(A) sentence reduction must comport with the 18 U.S.C. § 3553(a) factors and applicable Sentencing Commission policy statements. See 18 U.S.C. § 3582(c)(1)(A); Hargrove, 30 F.4th at 194.

Before filing a motion under 18 U.S.C. § 3582(c)(1)(A), a defendant must "fully exhaust[] all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). This requirement is

2

nonjurisdictional, and the government waives a defense based on section 3582(c)(1)(A)'s exhaustion requirements if the government does not timely raise it. See United States v. Muhammad, 16 F.4th 126, 129–30 (4th Cir. 2021).

When considering a defendant's compassionate release motion, the court determines whether extraordinary and compelling circumstances exist and whether, in the court's discretion, those circumstances warrant relief in light of relevant factors in 18 U.S.C. § 3553(a) and applicable Sentencing Commission policy statements. See Hargrove, 30 F.4th at 194–95; High, 997 F.3d at 186; Kibble, 992 F.3d at 330–32. In evaluating the section 3553(a) factors, the court considers, inter alia, the nature and circumstances of the offense, the history and characteristics of the defendant, a defendant's post-sentencing conduct, the need to deter criminal behavior, the need to promote respect for the law, and the need to protect the public. See 18 U.S.C. § 3553(a); Chavez-Meza v. United States, 138 S. Ct. 1959, 1966–68 (2018); Pepper v. United States, 562 U.S. 476, 480–81 (2011); High, 997 F.3d at 186; Kibble, 992 F.3d at 331–32; United States v. McDonald, 986 F.3d 402, 412 (4th Cir. 2021); United States v. Martin, 916 F.3d 389, 398 (4th Cir. 2019). Although a court considers a defendant's post-sentencing conduct, rehabilitation alone is not an extraordinary and compelling reason for a sentence reduction. See 28 U.S.C. § 994(t); U.S.S.G. § 1B1.13 cmt. n.3; McCoy, 981 F.3d at 286 n.9.

No Sentencing Commission policy statement currently applies to a defendant's compassionate release motion. See Hargrove, 30 F.4th at 194; High, 997 F.3d at 186; Kibble, 992 F.3d at 330–31; McCoy, 981 F.3d at 281–82. U.S.S.G. § 1B1.13 is a policy statement that applies to compassionate release motions filed by the BOP Director. Nonetheless, section 1B1.13 "remains helpful guidance even when motions are filed by defendants." McCoy, 981 F.3d at 282 n.7; see Hargrove, 30 F.4th at 194. Application Note 1 of U.S.S.G. § 1B1.13 lists several extraordinary and

3

compelling circumstances, including (A) a defendant's serious medical condition, (B) a defendant's age, when coupled with serious physical or mental deterioration due to age and having served 10 years or 75 percent of his or her sentence, (C) certain family circumstances in which a defendant's minor children or incapacitated spouse or registered partner would otherwise have no caregiver, or (D) any other extraordinary and compelling reason. See U.S.S.G. § 1B1.13 cmt. n.1(A). "[A]n extraordinary and compelling reason need not have been unforeseen at the time of sentencing in order to warrant" a sentence reduction. Id. § 1B1.13 cmt. n.2.

Cooper applied to the warden for compassionate release. See [D.E. 137-1] 1; [D.E. 155] 19–20. As the government has acknowledged, Cooper received no response, and more than 30 days have lapsed since he submitted his application. See [D.E. 155] 19. Cooper has met the exhaustion requirement. See id.; Muhammad, 16 F.4th at 130.

Cooper seeks compassionate release pursuant to section 3582(c)(1)(A) and cites the COVID-19 pandemic, his medical conditions (hypertension, asthma, and diabetes), his father's failing health, and his mother's inability to act as full-time caretaker for his father. See [D.E. 137] 1–4.

As for the "medical condition of the defendant" policy statement, the policy statement requires that the defendant be "suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13 cmt. n.1(A)(ii). Cooper is 53 years old and has hypertension, asthma, and diabetes. See [D.E. 137] 3; [D.E. 156] 2–3. His medical conditions are under control. See [D.E. 156] 2–3; [D.E. 155] 4.

Cooper argues that these medical conditions put him at heightened risk of serious infection or death from COVID-19. See [D.E. 137]. Cooper, however, already had COVID-19 and is vaccinated. See [D.E. 155] 5, 22; [D.E. 156] 66, 69, 101–04. Cooper's natural antibodies and the

4

vaccine provide protection. See, e.g., United States v. Jacques, No. 20-3276, 2022 WL 894695, at *2 (2d Cir. Mar. 28, 2022) (unpublished); United States v. Scalea, No. 21-2631, 2022 WL 795425, at *1 (3d Cir. Mar. 15, 2022) (unpublished) (noting that although "vaccination does not rule out reinfection . . . this does not diminish that vaccination mitigates the risk of COVID-19 complications"); United States v. Shettler, No. 21-10484, 2022 WL 620311, at *4 (11th Cir. Mar. 3, 2022) (per curiam) (unpublished); United States v. Ibarra, No. 21-10255, 2022 WL 229198, at *1 (9th Cir. Jan. 25, 2022) (unpublished); Garrett v. Murphy, 17 F.4th 419, 433 & n.7 (3d Cir. 2021) (discussing natural immunity as a result of recovering from COVID-19); United States v. Lemons, 15 F.4th 747, 751 (6th Cir. 2021) ("And following full vaccination, it is now well understood, both the likelihood of contracting COVID-19 and the associated risks should one contract the virus are significantly reduced" so that "an inmate largely faces the same risk from COVID-19 as those who are not incarcerated."); United States v. Hald, 8 F.4th 932, 936 n.2 (10th Cir. 2021) (noting "there is certainly room for doubt" that being fully vaccinated or being offered a vaccine "would support a finding of 'extraordinary and compelling reasons'" justifying compassionate release), cert. denied, 142 S. Ct. 2742 (2022); United States v. Broadfield, 5 F.4th 801, 803 (7th Cir. 2021) ("[F]or the vast majority of prisoners, the availability of a vaccine makes it impossible to conclude that the risk of COVID-19 is an 'extraordinary and compelling' reason for immediate release."); United States v. Baeza-Vargas, 532 F. Supp. 3d 840, 843–46 (D. Ariz. 2021) (collecting cases showing the "growing consensus" of district courts that have ruled that an inmate receiving a COVID-19 vaccine "weighs against a finding of extraordinary and compelling circumstances"); cf. United States v. Petway, No. 21-6488, 2022 WL 168577, at *2 (4th Cir. Jan. 19, 2022) (per curiam) (unpublished). And the wide availability of COVID-19 vaccines greatly diminishes the risk to Cooper from COVID-19 whether he is in prison or not. See, e.g., Scalea, 2022 WL 795425, at *1; Ibarra, 2022 WL 229198, at *1;

5

Lemons, 15 F.4th at 751; Hald, 8 F.4th at 936 n.2; Broadfield, 5 F.4th at 803; Baeza-Vargas, 532 F. Supp. 3d at 843–46. Therefore, reducing Cooper's sentence because of his risk factors and the general risk of COVID-19 in the prison environment does not comport with application note 1(A). See 18 U.S.C. § 3582(c)(1)(A).

As for the "age of the defendant" policy statement, compassionate release may be warranted if the defendant "(i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less." U.S.S.G. § 1B1.13 cmt. n.1(B). Cooper, however, is 53 years old, is not experiencing a serious deterioration in physical or mental health due to aging, and has not served ten years or 75 percent of his sentence. Thus, he does not meet the policy statement's requirements.

As for the "family circumstances" policy statement, it does not apply to a desire to care for parents. See U.S.S.G. § 1B1.13 cmt. n.1. Nonetheless, the court considers Cooper's desire to care for his father and mother under the "other reasons" policy statement and assumes without deciding that it is an extraordinary and compelling reason.

As for the "other reasons" policy statement, the court assumes without deciding that the COVID-19 pandemic, Cooper's medical conditions, his age, and his desire to care for his father and mother are extraordinary and compelling reasons under section 3582(c)(1)(A). Cf. United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread."). However, the section 3553(a) factors counsel against reducing Cooper's sentence. See Hargrove, 30 F.4th at 198–99; High, 997 F.3d at 187–91; Kibble, 992 F.3d at 331–32.

6

Cooper is 53 years old and is incarcerated for Hobbs Act robbery and aiding and abetting, brandishing a firearm during and in relation to a crime of violence and aiding and abetting, and being a felon in possession of firearms and aiding and abetting. See PSR ¶¶ 1–3, 7. Cooper's criminal conduct was violent and serious. Id. ¶¶ 10–14. Moreover, Cooper is a lifelong criminal (id. ¶¶ 19–38) and is serving his second lengthy federal prison sentence. See id. ¶ 37.

When Cooper engaged in his latest criminal conduct, Cooper had an extensive and violent criminal history evincing a decades-long commitment to criminality. See id. ¶¶ 19–38. Cooper had convictions for resisting or obstructing a public officer, carrying a concealed weapon, larceny, driving while license revoked (six counts), assault on a law enforcement officer (two counts), injury to personal property, possession of stolen goods or property (24 counts), assault and battery, breaking and entering a motor vehicle (two counts), breaking and entering (three counts), common law robbery (two counts), kidnapping (two counts), driving while license revoked permanently, reckless driving to endanger, failure to heed light or siren, attempted common law robbery, assault inflicting serious injury, stalking, and being a felon in possession of firearms. See id. Cooper has performed poorly on supervision and committed his latest federal felony offenses while on federal supervision. See id. ¶¶ 20, 28–30, 32, 37. Moreover, during his latest trip to federal prison, Cooper incurred a disciplinary infraction for engaging in sexual acts. See [D.E. 155-1] 1. Cooper has not provided the court with any information on his post-sentencing conduct. Cf. Pepper, 562 U.S. at 480–81.

The court must balance Cooper's violent criminal conduct, his terrible and violent criminal history, his poor performance on supervision and in custody, the need to punish him, the need to promote respect for the law, the need to protect society, and the need to deter others. Cf. Concepcion v. United States, 142 S. Ct. 2389, 2403–04 (2022); Pepper, 562 U.S. at 480–81; High, 997 F.3d at 187–91; McDonald, 986 F.3d at 412; Martin, 916 F.3d at 398. The court also has considered

7

Cooper's potential exposure to COVID-19, his medical conditions, his vaccinated status, his age, and his desire to help his parents. The court recognizes Cooper has a supportive family and hopes to live with and take care of his ill father and aging mother. See [D.E. 137] 6. Having considered the entire record, the extensive steps that the BOP has taken to address COVID-19, the section 3553(a) factors, Cooper's arguments, the government's persuasive response, the need to punish Cooper for his serious criminal behavior, to incapacitate Cooper, to promote respect for the law, to deter others, and to protect society, the court denies Cooper's motion for compassionate release. See, e.g., Concepcion, 142 S. Ct. at 2403–04; Chavez-Meza, 138 S. Ct. at 1966–68; Hargrove, 30 F.4th at 198–200; High, 997 F.3d at 187–91; Ruffin, 978 F.3d at 1008–09; Chambliss, 948 F.3d at 693–94; United States v. Hill, No. 4:13-CR-28-BR, 2020 WL 205515, at *2 (E.D.N.C. Jan. 13, 2020) (unpublished), aff'd, 809 F. App'x 161 (4th Cir. 2020) (per curiam) (unpublished).

III.

In sum, the court DENIES defendant's motion for compassionate release [D.E. 137].

SO ORDERED. This 21 day of July, 2022.

JAMES C. DEVER III
United States District Judge